CHRIS ZHEN (State Bar No. 275575)
chris.zhen@zhenlawfirm.com
HOGAN GANSCHOW (State Bar No. 256137)
hogan.ganschow@zhenlawfirm.com
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
Telephone: (213) 935-0715

*Attorneys for Plaintiff*
OptraHealth, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRAHEALTH, INC., | Case No.: 3:20-cv-8096 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR PATENT INFRINGEMENT;** |
| BOTSCREW, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OptraHealth, Inc. ("OptraHealth"), by and through their attorneys, files this Complaint for Patent Infringement and Demand for Jury Trial against BotsCrew, Inc. ("Defendant" or "BotsCrew") and alleges as follows:

**THE PARTIES**

1. Plaintiff OptraHealth is a corporation organized under the laws of the State of California with a place of business at 100 Century Center Court, Suite 410, San Jose, CA, 95112.

2. On information and belief, BotsCrew is a corporation organized under the laws of the State of Delaware with a place of business at 548 Market St #39969, San Francisco, California 94104. On information and belief, BotsCrew was founded by Oleh Pylypchak, Nazar Hembara, and Max Gladysh. On information and belief, BotsCrew sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that this is the judicial district in which (i) a substantial part of the acts and omissions giving rise to the claims occurred and (ii) where defendant BotsCrew has an established place of business.

///

## BACKGROUND FACTS

6. OptraHealth was founded in 2017 to provide patient engagement and education services through its technology platform to the healthcare and life sciences industry. OptraHealth is a pioneer in the field, providing clients with technologies and solutions that harness the power of artificial intelligence for analyzing healthcare results and facilitating interrogations of these reports through an expert system.

7. As a pioneer in the field, OptraHealth developed the world's first conversational digital genetic assistant for informed genetic education and patient engagement. OptraHealth has collaborations and partnerships with major companies and institutions across the globe including publicly listed companies, well renowned research institutions, genetic testing laboratories and health systems. OptraHealth builds and sells software including the patented technologies.

8. On August 25, 2020, OptraHealth was granted U.S. Patent No. 10,754,882 (the '882 Patent) claiming technologies for retrieving information from healthcare reports using a personal assistance device, developed by its co-founders. A true and correct copy of the '882 Patent is attached as Exhibit 1.

## BOTSCREW'S PRODUCT

9. Defendant makes, uses, sells, offers for sale, and/or imports into the United States and this District products and services that utilize the Genetic Testing Chatbot, available at https://botscrew.com/cases/genetic-testing-chatbot-for-natera/. A true and correct copy of the web page is attached as Exhibit 2.

10. Defendant's Genetic Testing Chatbot includes a personal assistance device that enables a customer to "chat with the bot to discuss specific genetic test results."




Exhibit 2 at pages 4-5, and 7.

## FIRST CAUSE OF ACTION

## PATENT INFRINGEMENT OF U.S. PATENT NO. 10,754,882

11. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

12. On August 25, 2020, the '882 Patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method of Retrieving Information from a Health Report Through a Machine Assisted Interrogation Process."  The '882 Patent is referred to as the "Asserted Patent."

13. OptraHealth is the assignee and owner of the right, title, and interest in and to the '882 Patent, with the rights to assert all causes of action arising under the '882 Patent and right to

collect any remedies for infringement of it. OptraHealth is the sole owner of the '882 Patent, and has been the sole owner since issuance.

14. On information and belief, Defendant has and continues to directly infringe either literally or under the doctrine of equivalents, or both, or indirectly infringe at least Claims 1 and 3 by selling, offering to sell, making, using, providing, causing to be used, instructing, directing, and/or requiring others to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents. Defendant directly or indirectly infringes, literally or under the doctrine of equivalents through the infringing genetic testing chatbot, including the Accused Products such as the one shown here at https://botscrew.com/cases/genetic-testing-chatbot-for-natera/. See Exhibit 2.

15. On information and belief, the Accused Products perform methods for (A) providing a personal assistance device, wherein the personal assistance device is communicably coupled with a reporting system; (B) providing a reporting system, wherein the reporting system comprises a plurality of health reports and a query-interrogation system; (C) receiving a health report-related query through the personal assistance device, wherein the health report-related query corresponds to a specific health report from the plurality of health reports; (D) forwarding the health report-related query to the reporting system through the personal assistance device; (E) selecting the specific health report from the plurality of health reports through the query-interrogation system; (F) compiling a corresponding knowledge corpus for the specific health report through a knowledge-graphing system, wherein the corresponding knowledge corpus includes a query-related knowledge graph and a report-related knowledge graph; (G) extracting a list of query-related information from the corresponding knowledge corpus of the specific health report by comparing and associating the query-related knowledge

graph with the report-related knowledge graph through the knowledge-graphing system; (H) forwarding the list of query-related information from the reporting system to the personal assistance device; (I) converting the list of query-related information to an output content file through the query-interrogation system; and (J) outputting the output content file through the personal assistance device. For example, the Accused Products provide a personal assistance device that includes the reporting system of the genetic testing chatbot. The Accused Products provide the chatbot reporting system including health reports such as the genetic tests and a query-interrogation system such as chatbot system that receives input queries and provides output. The Accused Products receives a health report-related query corresponding to a specific health report from the set of health reports, for example by receiving queries for "specific genetic test results" (Exhibit 2 at page 4). The Accused Products forward the query to the reporting system by forwarding the queries from the personal assistance devices to the chatbot. The Accused Products select the specific health report by providing for discussions of specific genetic test results. The Accused Products compile corresponding knowledge corpus by gathering the collection of records associated with the specific genetic tests. The Accused Products extract a list of query-related information to be able to enable the chatbot to function to provide responses for the queries from the personal assistance device. The Accused Products forward the list of query-related information to the personal assistance device to output the results on the personal assistance device. The Accused Products convert the list of query-related information to an output content file on the personal assistance device. The Accused Products output the output content file through the personal assistance device.

16. On information and belief, the Accused Product have been used to infringe and continue to directly infringe or indirectly infringe at least claims 1 and 3 of the '882 Patent during the pendency of the '882 Patent.

17. Since at least the time of receiving this Complaint BotsCrew has had actual notice that it is directly infringing and/or indirectly infringing the '882 Patent.

18. On information and belief, the Accused Products are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and/or end users in this District.

19. On information and belief, since at least the time of receiving this Complaint BotsCrew has induced and continues to induce others to infringe at least claims 1 and 3 of the '882 Patent under 35 U.S.C. § 271(b) with specific intent or willful blindness, by, among other things, actively aiding and abetting others to infringe, including, but not limited to, BotsCrew's partners or customers, whose use of the Accused Products constitute direct infringement of at least claims 1 and 3 of the '882 Patent.

20. In particular, BotsCrew's actions that aid and abet the infringement of others, such as their partners and customers including Natera, Inc., by distributing the Accused Products and providing instructions, materials and/or services related to the Accused Products. On information and belief, BotsCrew has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because BotsCrew has had actual knowledge of the '882 Patent and that its acts were inducing infringement of the '882 Patent since at least the time of receiving this Complaint.

21. OptraHealth first notified BotsCrew of Plaintiff's '882 Patent and Defendant's infringement of the patent via a written letter dated October 26, 2020. Defendant failed to provide any response to the letter.

22. On information and belief, BotsCrew's infringement has been and continues to be willful.

23. Plaintiff has been harmed by BotsCrew's infringing activities.

24. As a result of Defendant's unlawful activities, OptraHealth has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. OptraHealth and BotsCrew both compete in the enterprise chatbot software space, as described for example in paragraphs 6-8 above. OptraHealth is actively engaged with business partners and clients in delivering innovative solutions using the patented technology. Defendant's continued infringement of the Asserted Patent causes harm to OptraHealth in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, and direct and indirect competition. Monetary damages are insufficient to compensate OptraHealth for these harms. Accordingly, OptraHealth is entitled to preliminary and/or permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendant, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing, or inducing infringement by others, of the '882 Patent;

2. An award of damages to be paid by BotsCrew adequate to compensate Plaintiff for BotsCrew's past infringement of the Asserted Patent, and any continuing or future

infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

3. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

4. For other such relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully Submitted,

Dated: November 17, 2020             ZHEN LAW FIRM


By: */s/ Chris J. Zhen*
Chris J. Zhen (State Bar No. 275575)
Hogan Ganschow (State Bar No. 256137)
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
Telephone: (213) 935-0715
chris.zhen@zhenlawfirm.com
hogan.ganschow@zhenlawfirm.com

*Attorneys for Plaintiff, OptraHealth, Inc.*